# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00490-CV

**Angela Colmenero, in her Official Capacity as Provisional Attorney General of Texas; Jane Nelson, in her Official Capacity as Texas Secretary of State; and The Attorney General of Texas, Appellants**

**v.**

**Harris County, Texas; and Clifford Tatum, Appellees**

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY, NO. D-1-GN-23-003523, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellants Angela Colmenero, in her Official Capacity as Provisional Attorney General of Texas; Jane Nelson, in her Official Capacity as Texas Secretary of State; and The Attorney General of Texas ("State Officials") filed a notice of appeal challenging the trial court's denial of their plea to the jurisdiction. The State Officials have now filed an unopposed motion to abate this appeal. The State Officials explain that after they filed their notice of appeal in this Court, the trial court informed them that on the same day it signed the order denying the plea to the jurisdiction, it had also signed and filed two temporary injunctions based on appellees' challenge to S.B. 1750's constitutionality. The State Officials subsequently perfected a direct appeal to the Texas Supreme Court of all three trial-court orders (pursuant to Texas Government

Code Section 22.001(c) for the temporary injunctions and pursuant to the Texas Supreme Court's extended jurisdiction for the order denying the plea). The direct appeal has been docketed under Texas Supreme Court No. 23-0656.

Because of the timing issue, there are now two parallel appeals pending that raise a common issue: whether the trial court had jurisdiction to enjoin the State Officials from enforcing S.B. 1750. By rule, the State Officials may not pursue an appeal in this Court while their direct appeal to the Texas Supreme Court is pending. Tex. R. App. P. 57.5. Consequently, the State Officials request that we abate this appeal pending the Texas Supreme Court's resolution of No. 23-0656.

We grant the motion and abate this appeal, pending the Texas Supreme Court's resolution of No. 23-0656. Within 30 days of the date that the Texas Supreme Court's decision in No. 23-0656 becomes final, the State Officials shall either file a motion to reinstate or a motion to dismiss this appeal. Failure to do so may result in dismissal of the case for want of prosecution. *See* Tex. R. App. P. 42.3(b).

It is so ordered on August 25, 2023.


Before Justices Baker, Triana, and Smith

Abated

Filed:  August 25, 2023